```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE  NO.  09-21563-CIV-GRAHAM
                                    MAGISTRATE JUDGE P.A. WHITE

CURTIS RICHARD JONES,         :

        Plaintiff,            :           REPORT OF
                                       MAGISTRATE JUDGE
v.                            :

OFFICER D. ROSS,              :

        Defendant.            :
_____
```

I.  Introduction

The plaintiff Curtis Richard Jones, currently living at Camillus House, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. (DE# 1). The plaintiff has been granted leave to proceed in forma pauperis. (DE# 4).

In his sworn complaint, the plaintiff names as the sole defendant Miami-Dade Police Officer D. Ross. Under penalty of perjury, Jones alleged that on December 30, 2008, Ross arrested him pursuant to a warrant, handcuffed him, and placed him in the back of Ross's police cruiser. During the ride, Ross and Jones "had words" at which point Ross pulled over, pulled the handcuffed Jones out of the car, and proceeded to use excessive force against Jones. Specifically, Ross cut off Jones's circulation by putting his elbow under Jones's neck, pushed Jones to the ground, and kicked Jones in the face. Jones alleged that he has loose teeth and migraine headaches as a result of the use of force, and he sought monetary damages. (DE# 1).

In a Preliminary Report, the Undersigned recommended that a claim of excessive force under the Fourth Amendment proceed against the defendant Ross in his individual capacity. (DE# 7). The District Court subsequently adopted this recommendation. (DE# 16).

Officer Ross filed a motion to dismiss the complaint (DE# 21) with exhibits in support thereof (DE# 21-1). Ross argues that Jones's allegations are frivolous and insufficient to show that

Ross engaged in excessive force[1] and that Jones's claim is barred by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(e), as Jones failed to allege physical injury. (DE# 21). The Undersigned treated this motion as one for summary judgment and issued an order instructing the pro se plaintiff concerning response to motion for summary judgment. (DE# 22). Jones next filed a motion to object to dismissal. (DE# 25). Ross countered with a reply in support of his motion to dismiss. (DE# 28). Lastly, Jones filed a motion to object to dismissal and request to proceed to trial without delay. (DE# 29).

## II. Analysis

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."

In Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), the Supreme Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted)

Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record

---

[1] In his motion to dismiss, Ross actually argues that the factual allegations in the complaint are frivolous and that the complaint should be denied pursuant to 28 U.S.C. §1915(e)(2). (DE# 21). The Preliminary Report (DE# 7), adopted in full by the District Court (DE# 16), specifically stated that the complaint was not frivolous under §1915(e).

that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir. 1987). If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson, 477 U.S. 242).

### B.   Impact of §1997(e)e on Jones's Claims

Ross argues that dismissal is warranted because Jones failed to allege facts that would establish he suffered a physical injury as a result of the purported deprivation of his constitutional rights, as required by §1997(e)e of the PLRA. (DE# 21).

With the enactment of the PLRA, the requirements relating to injury for various kinds of inmate civil rights claims have changed. Section 1997e(e) of the PLRA provides as follows.

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Eleventh Circuit has interpreted this provision to mean that if due to the defendant's actions, a prisoner has not suffered some physical injury which is sufficient to satisfy the statutory provision in question, and the prisoner therefore cannot show anything more than mental or emotional suffering, the prisoner is foreclosed from obtaining *compensatory or punitive* damages even if there has been some violation of his constitutional rights. Harris v. Garner, 190 F.3d 1279, 1286-87 (11 Cir. 1999), vacated in part and reinstated in part, Harris v. Garner, 216 F.3d 970, 984-85 (11 Cir. 2000) (en banc). However, §1997e(e) does not bar suits by prisoners who failed to allege a physical injury if they seek *nominal* damages. See Hughes v. Lott, 350 F.3d 1157, 1162 (11 Cir. 2003).

In this case, Jones alleges, in a sworn complaint, that he suffered physical injuries, namely, loose teeth and migraine headaches. (DE# 1). However, even if he did not suffer physical injury, or, as Ross argues, suffered de minimis injuries, Jones's claim may proceed because he may be entitled to nominal damages. See Hughes, 350 F.3d at 1162. Accordingly, the defendant's argument that a lack of physical injury forecloses Jones's claim under §1997(e)e should be rejected.

### C. Excessive Use of Force Upon Arrest

Ross argues that Jones's factual allegations, i.e., that he was choked by the force of Ross's elbow and kicked in the face, are refuted by jail booking photographs, taken shortly after the alleged incident, of a wholly unscathed plaintiff. (DE# 21). Ross attaches to his motion a copy of the booking photographs. (DE# 21-1, p. 10). Jones counters that "pictures cannot determine a psychological profile" and that Ross failed to present sufficient evidence to warrant the entry of summary judgment in Ross's favor. (DE# 25).

The Supreme Court and the Eleventh Circuit have recognized that lawful arrests often involve force and injury. Graham v. Connor, 490 U.S. 386, 396 (1989)("the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it"); Rodriguez v.

4

Farrell, 280 F.3d 1341, 1351 (11 Cir. 2002) ("the typical arrest involves some force and injury"). However, a claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. Graham, 490 U.S. 386; Vinyard v. Wilson, 311 F.3d 1340, 1346-47 (11 Cir. 2002); Lee v. Ferraro, 284 F.3d 1188, 1197 (11 Cir. 2002). Such an analysis requires a court to balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the government interest alleged to justify the intrusion." Graham, 490 U.S. at 396 (quoting United States v. Place, 462 U.S. 696 (1983)). The factors to consider when balancing an arrestee's constitutional rights and the need for use of force include (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. Id. See also Vinyard, 311 F.3d at 1347; Lee, 284 F.3d at 1197. In determining whether the force applied was "reasonable" under the circumstances, the Court must examine: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; and (3) the extent of the injury inflicted upon the individual to whom the force was applied. Graham, 490 U.S. at 396; Vinyard, 311 F.3d at 1347; Lee, 284 F.3d 1998. Although the test applied by the Eleventh Circuit previously included a subjective prong, examining whether the force was applies maliciously, see, e.g., Leslie v. Ingraham, 786 F.2d 1533, 1536 (11 Cir. 1986), that factor was eliminated from the analysis by Graham and other cases establishing that the excessive force inquiry should be completely objective, thereby excluding consideration of the officer's intentions. Lee, 284 F.3d at 1198 n.7. Thus, "reasonableness" for purposes of such an analysis is judged according to an objective standard under the totality of the circumstances, without regard to the officers' underlying intent. Graham, 490 U.S. at 389.

In this case, Jones alleged in his sworn complaint that Ross choked him and kicked him in the face, without provocation and

while Jones was in handcuffs. Accepting these allegations as true, Ross engaged in excessive force as it is not reasonable for an officer to attack a restrained prisoner without reason. See Graham, 490 U.S. at 389. Ross has not presented any evidence, e.g., an affidavit executed by Ross, to rebut Jones's version of events. Ross simply argues that Jones was not injured when he was booked. This does not refute Jones's allegations that Ross engaged in excessive force. There exists a genuine issue of material fact, namely, whether Ross attacked Jones as alleged in the complaint. Accordingly, Ross's motion for summary judgment should be denied.

### III. Conclusion

It is therefore recommended as follows:

1. Defendant Ross's Motion to Dismiss Complaint (DE# 21) be denied.

2. Plaintiff Jones's Motion to Object to Dismissal and Request to Proceed to Trial without Delay (DE# 29) be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 26th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Curtis Richard Jones, Pro Se
    No. 500900180
    Camillus House
    726 NE 1 Ave
    Miami, FL 33132

```
Eduardo Ignacio Sanchez
Dade County Attorney's Office
Metro Dade Center
111 NW 1st Street
Suite 2810
Miami, FL 33128-1993
```